# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 9, 2024

Lyle W. Cayce
Clerk

———————

No. 23-20360
Summary Calendar

———————

Joshua Marbley,

*Plaintiff—Appellant*,

*versus*

Teamster Local 988; Michael Offord, Private and Professional Capacity; Michael Honer, Private and Professional Capacity; Shebrenna Tangarife, Private and Professional Capacity; Rhonda Russell, Private and Professional Capacity; Bruce Johnson, Private and Professional Capacity; Eric Nelson, Private and Professional Capacity; Jessica Craft, Private and Professional Capacity; Littler Mendelson, P.C.; Berg Plummer Johnson & Raval, L.L.P.; Law Office of Eric H. Nelson,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CV-3396

———————————————————————

Before Wiener, Stewart, and Douglas, *Circuit Judges*.

No. 23-20360

Per Curiam:[*]

Joshua Marbley filed suit against Teamster Local 988, Michael Offord, Michael Honer, Shebrenna Tangarife, Rhonda Russell, Bruce Johnson, Eric Nelson, Jessica Craft, Littler Mendelson, P.C., Berg Plummer Johnson & Raval, L.L.P., and The Law Office of Eric Nelson, raising claims arising under, inter alia, the National Labor Relations Act, the Texas Whistleblower Act, Title VII of the Civil Rights Act of 1964, the National Transit System Security Act, and 42 U.S.C. § 1983. The district court dismissed Marbley's complaint, upon motion of the defendants, for failure to state a claim upon which relief could be granted and for lack of subject matter jurisdiction. Marbley appeals the district court's dismissal of his complaint as well as its denial of a motion for recusal of the district court judge.

Marbley based his argument for recusal in the district court upon the district court's failure to rule on several motions which were pending at the time of Marbley's motion for recusal. On appeal, he contends that the district court judge is personally biased and would not be able to provide Marbley with a fair trial. The denial of a motion to recuse is reviewed for abuse of discretion. *See United States v. Scroggins*, 485 F.3d 824, 829 (5th Cir. 2007). Marbley fails to show an abuse of discretion. *See id.*

Marbley does not otherwise substantively brief a challenge to the district court's bases for dismissing the other claims he raised in the district court. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Accordingly, he has abandoned the claims on appeal. *See Brinkmann v. Dallas Cnty. Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

The judgment of the district court is AFFIRMED.

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.